IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN TOBIN,

                Plaintiff,                          OPINION AND ORDER

    v.

                                                           16-cv-638-bbc

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 17, 2017, I granted plaintiff John Tobin's motion for summary judgment in this social security appeal and remanded the case to the administrative law judge for further proceedings. Dkt. #12. On October 30, 2017, I accepted the parties' stipulation on fees under the Equal Access to Justice Act and awarded plaintiff attorney fees in the amount of $4,395.40, dkt. #20, all of which were collected by the Treasury Department. Now before the court is a motion filed by plaintiff's counsel, Dana Duncan, for attorney fees, following a favorable decision from the administrative judge on remand. Dkt. #22. Defendant does not oppose the motion. Dkt. #25.

Counsel reports that he and plaintiff have a contingency fee agreement providing for attorney fees amounting to 25 percent of an award of past-due benefits. On remand, the administrative law judge awarded past-due benefits from which the Social Security Administration withheld 25 percent or $17,452 for attorney fees. Counsel has submitted an accounting showing 18.70 hours in attorney time and 10.25 hours in paralegal time spent on plaintiff's case in this court. Pursuant to 42 U.S.C. § 406(b), counsel requests an order awarding a fee for court work in the amount of $9,000 (equal to $17,452 less the $8,452 in fees that will

be sought through the agency for work at the administrative level) to be payable out of plaintiff's past-due benefits.

The requested fee is within the statutory cap and the parties' contingency fee agreement, but the court must nevertheless review it to be sure that it is reasonable in light of the character of the representation and the results obtained; the time, labor and skill required; the attorney's experience, reputation, and ability; and awards in similar cases. Gisbrecht v. Barnhart, 535 U.S. 789, 807-09 (2002); McGuire v. Sullivan, 873 F.2d 974, 979-83 (7th Cir. 1989). Here, the requested award is reasonable. Counsel seeks a total of $9,000 in fees for 18.70 hours of attorney work and 10.25 hours of work by paralegal staff, which equates to approximately $400 an hour for attorney work and $150 for paralegal work. Koester v. Astrue, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded representative fees that reflect hourly rates as high as $400 to $1,500). See also Richlin Secretary Service Co. v. Chertoff, 553 U.S. 571, 581 (2008) (reasonable attorney fees under EAJA includes paralegal time); Beach v. Berryhill, No. 14-cv-857-bbc, 2017 WL 3275546, at *2 (W.D. Wis. Aug. 1, 2017) (awarding $200 an hour for paralegal work). These rates are reasonable under the circumstances. Counsel is an experienced attorney who represented plaintiff in this court, reviewed the administrative record and drafted a successful motion for summary judgment that resulted in a favorable determination below. In addition, defendant does not oppose the motion. Accordingly, I will grant counsel's motion for attorney fees in the amount of $9,000.

ORDER

IT IS ORDERED that the motion for attorney fees filed by plaintiff's attorney, Dana Duncan, pursuant to 42 U.S.C. § 406(b), dkt. #22, is GRANTED. The court approves a representative fee award of $9,000 to be payable to Dana Duncan out of the statutory fee withheld from plaintiff John Tobin's past-due benefits.

Entered this 2d day of May, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge